OPINION
WINDHAM, Associate Justice.
SUMMARY
According to the contentions on appeal, Appellant Dennis Gardner rented an apartment to Jasmine Hendrickx for $250.00 per month. She signed a month-to-month lease with a 30 day notice of termination requirement. She put up a $200.00 security deposit. $100.00 of this was allocated in the lease for “any unpaid light bills”. $100.00 was allocated as security “for the faithful performance by lessee of the terms hereof, to be returned to the Lessee, without interest, on the full and faithful performance by him of the provisions hereof and/or as a cleaning fee ...”
On September 28,2003 Jasmine gave verbal notice that she was moving the next day. The landlord was not able to rerent the apartment until October 21, 2003. He therefore charged Jasmine $183.33 for rent at $8,333 per day for 22 days as well as $25.53 for an unpaid electric bill, refused on this basis to I’eturn any part of the security deposit and informed Jasmine’s boyfriend that she still owed him $8.86.
The Montana Landlord-Tenant Act, in section 70-25-202, requires a landlord to provide a written list of damage and cleaning charges as a condition to the right to withhold any portion of a security deposit, failure to do so constitutes a forfeiture of this right (70-25-203 MCA).
Jasmine sued for the return of her security deposit and had judgment for $200.00 and costs of $25.00 based on the quoted sections of the Landlord-Tenant Act. There was not transcript, but this Court initiated the alternate proceedings authorized by Rule 3(3) of the Rules of Appellate Procedure. This culminated in a document signed by the Trial Judge on September 23rd, 2004 which effectively becomes the record on appeal in this case, as follows:
“On July 15, 2004, the Defendant tiled a statement with the Tribal Court based on the CSKT Laws Codified Rule 3, Section 3. It is true that at the trial on December 16, 2003, Ms Hendrickx stated that she did not give a thirty (30) day notice as required. However, at the trial Mr. Gardner stated that he asserted his right to the security deposit for the cleaning of the apartment. The balance of his statement in the July 15, 2004 filing provides the argument he should have presented at the Trial but did not. Therefore, based on the testimony presented to Court on December 16, 2003, the Court issued a Judgment against the Defendant in the sum of two hundred ($200) dollars for the security deposit and twenty-five ($25) dollars for the cost of the suit for a total judgment of two hundred twenty-five ($225) dollars.”
DISCUSSION
In Steveins v. Courvile (AP-03-044-SC) this Court reviewed the duties of *87 a Trial Judge in dealing with unsophisticated Pro-Se litigants. There, we held that “a trial judge trying to get at the truth from parties entrained in producing and presenting evidence should actively examine the witnesses and the evidence so that some semblance of the actual facts can be developed.” This was not done here.
Ms. Hendrickx admission that she had not given the required thirty (30) day notice should have triggered an inquiry by the Trial Court into the details involved. This would almost certainly have developed the facts upon which Appellant bases his appeal. Just because he could not recover for cleaning costs for failure to follow the statutory requirement does not mean that he does not also have a claim for lost rental.
The question remains, however, whether Appellant can recover more than the $100.00 allocated in the lease for defaults in general. This is his form lease and he could have allocated the security deposit as he saw fit. We hold that he is bound by the provisions which he inserted and that he is limited to the amount which he allocated for his claim for lost rental.
DISPOSITION
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
We Concur: WM. JOSEPH MORAN, Chief Justice, GREGORY T. DUPUIS, Associate Justice.